IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
                                   :

LOURDES RIVERA                    :                16 CV 1666 (JBA)
                                   :
v.                                  :
                                   :
AFFINECO, LLC                  :              DATE: FEBRUARY 26, 2018
                                   :
---------------------------------------------------------x

## RULING ON DEFENDANT'S MOTION TO COMPEL

Familiarity is presumed with the factual and procedural history behind this employment litigation. Under an electronic scheduling order filed by U.S. District Judge Janet Bond Arterton on December 18, 2017, all discovery was to be completed by January 11, 2018. (Dkts. ##39-40).[1] On January 11, 2018, the deadline for completing discovery, defendant filed the pending Motion to Compel Plaintiff to Comply with its July 6, 2017 Discovery Requests,[2] with brief and affidavit of counsel ["Aff't"] attached.[3] (Dkt. #41). Twelve days later, plaintiff filed her brief in opposition (Dkt. #44), as to which defendant

---

[1] Starting on late Friday night near midnight and continuously throughout the weekend through late Sunday night, February 23-25, 2018, defendant filed its Motion for Summary Judgment, brief in support, exhibits, and Local Rule 56(a) Statement. (Dkts. ##54-61).

[2] Ten exhibits were attached and superseded by amended exhibits filed the next day (Dkt. #42): copy of Defendant's First Set of Interrogatories and Requests for Production, dated July 6, 2017, wiht two subexhibits (Exh. A); copy of Plaintiff's Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents, dated August 29, 2017 (Exh. B); copy of Plaintiff's Supplemental Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents, dated January 3, 2018 (Exh. C); copy of Plaintiff's Amended Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents, dated January 10, 2018 (Exh. D); copy of plaintiff's paycheck from ACMT Inc., dated December 29, 2017 (Exh. E); copies of case law (Exhs. F, G, and J); copy of Plaintiff's Initial Discovery Responses, dated December 20, 2016, with Bates Numbers P00029-31 (Exh. H); and copy of Plaintiff's Initial Discovery Responses, dated December 20, 2016, with Bates Numbers P00032-33 (Exh. I).

[3] Six exhibits were attached: emails and correspondence between counsel, dated November 28 and December 11 & 21, 2017, January 3 (with attachment), 10 (with attachment) & 11, 2018 (Exhs. 1-6).

filed its reply brief on February 6, 2018 (Dkt. #50).[4] On January 16, 2018, Judge Arterton referred this motion to this Magistrate Judge. (Dkt. #43; see also Dkts. ##33-36).[5]

For the reasons stated below, defendant's Motion to Compel (Dkt. #41) is granted in part and denied in part.

## I. DISCOVERY AT ISSUE

Defendant served plaintiff with its First Set of Interrogatories and Requests for Production on July 6, 2017 (Dkt. #42, Exh. A), as to which plaintiff first responded on August 29, 2017 ["Plaintiff's Response"](id., Exh. B), and again with Supplemental Responses on January 3, 2018 (id., Exh. C) and Amended Responses on January 10, 2108 (id., Exh. D). In its pending motion, defendant argues that plaintiff "has interposed inappropriate objections and failed or otherwise refused to provide full and fair responses to [defendant's] [d]iscovery [r]equests[,]" (Dkt. #41, Brief at 3) and her noncompliance "has [obstructed] and continues to obstruct [defendant's] ability to secure necessary relevant discovery on material elements of this case and to evaluate and prepare its defense thereof." (Id. at 2). Defendant moves to compel full and fair responses to five categories of discovery requests:

> 1.  discovery requests relating to damages claimed by plaintiff, mitigation of any such damages, and Affineco's defense thereof: Interrogatory ["Int."] Nos. 4, 5, 6, 32; Request ["Req."] Nos. 3, 4, 7, 16, 22;
>
> 2.  discovery requests relating to facts, claims, and witnesses: Int. Nos. 8, 13, 14, 17, 18, 21, 27, 30; Req. Nos. 6, 26, 28;

---

[4]The following five exhibits were attached: copies of additional court decisions (Exhs. K, M, O); excerpts from plaintiff's deposition, taken on January 9, 2018 (Exh. L); and copy of Plaintiff's Amended Responses, dated January 19, 2018 (Exh. N).

[5]Pending before Judge Arterton is defendant's Motion to Amend/Correct Docket Sheet re Jury Demand. (Dkts. ##47-48).

A settlement conference is scheduled before U.S. Magistrate Judge Robert A. Richardson on March 16, 2018. (Dkts. ##49, 52-53).

3. discovery requests to which plaintiff's response is incomplete and relies on or otherwise refers to, in whole or in part, the Complaint: Int. Nos. 14, 16, 22, 23, 28, 29;

4. discovery requests to which plaintiff has failed to produce all responsive documents in her possession, custody, or control: Req. Nos. 1, 2, 5, 6, 8, 9, 10, 11, 12, 13, 18, 19, 24, 29; and

5. discovery requests to which plaintiff's responses are incomplete as she fails to state whether there are any responsive documents in her possession, custody, or control: Req. Nos. 14, 17, 20, 21, 23, 25, 27.

(Dkt. #41, ¶¶ 1-5; Dkt. #41, Brief at 1-2). Defendant argues that plaintiff has "interposed inappropriate objections and failed or otherwise refused to provide full and fair responses to [defendant's] Discovery Requests." (Dkt. #41, Brief at 3). Each of defendant's five categories of discovery requests will be discussed separately.

## II. DISCUSSION

### A. DISCOVERY RELATED TO PLAINTIFF'S CLAIMS FOR DAMAGES AND DEFENDANT'S DEFENSE THEREOF

Defendant seeks a court order that plaintiff fully and fairly respond to discovery requests relating to her damages claims, any mitigation of those damages, and defendant's related defenses, as sought in Int. Nos. 4, 5, 6, and 32, and Req. Nos. 3, 4, 7, 16, and 22. (Dkt. #41, Brief at 3).

#### 1. INTERROGATORIES NOS. 4 AND 5

Defendant's Int. No. 4 asks plaintiff to:

[s]tate [her] gross income for the calendar years 2012, 2013, 2014, and for the period commencing January 1, 2015, up until the time of trial, including any unemployment compensation, workers' compensation, welfare, disability and/or social security benefits received during these time periods, and hereafter on an annual basis up to and through the time of the trial. . . .

(Id. at 3-4; Dkt. #42, Exh. A at 3-4). For each calendar year, plaintiff is asked to state her gross income, the source of her income, the amount of income received from each source,

the business address and telephone number of each source of income, and the date the income was earned. (Id.). Defendant's Int. No. 5 asks plaintiff to "[i]dentify and describe all work for compensation [she] ha[s] performed since January 1, 2012, including all employment, consulting work and self-employment." (Dkt. #41, Brief at 5; Dkt. #42, Exh. A at 4). For all work performed, it further asks plaintiff to state the dates that she worked; the name of any employer for whom she worked; the name, address, telephone numbers, and job title of her immediate supervisor; whether she was paid on an hourly or salary basis, the compensation rate or salary, and the amount earned from each income source during the calendar year; whether her work was full-time or part-time; the number of hours she worked each week; and, if she left any work, the reason for leaving. (Id.).

Plaintiff objected that Int. Nos. 4 and 5 are overbroad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence, and specifically that they seek information for the time period preceding plaintiff's employment at defendant, which is irrelevant to this action. (Dkt. #41, Brief at 4; Dkt. #42, Exh. B at 5-6). In her brief, plaintiff further argues that the time period before her employment with defendant is irrelevant because "there is no claim for front pay[.]" (Dkt. #44, at 1-2). As defendant points out in its reply brief, however, "front pay" continues to be listed in the Prayer for Relief in the Amended Complaint. (Dkt. #50, at 1, citing Dkt. #19-1, at 11, ¶2).

In its reply brief, defendant has agreed that, upon proper stipulation, it would "no longer seek the disclosure of information and/or documents relating to [p]laintiff's income and employment that pre-date her employment with [defendant,]" (Dkt. #50, at 1-2), thus narrowing the requests in Int. Nos. 4 and 5, and Req. Nos. 3, 4, and 22, all of which include

the time period preceding plaintiff's employment with defendant. Thus, defendant's Motion to Compel <u>with respect to the pre-employent time period in Int. Nos. 4 and 5, and Req. Nos. 3, 4, and 22 is denied without prejudice to renew</u>, only in the event that the parties are unable to agree upon the anticipated stipulation.[6]

With respect to the time period beginning with her employment at defendant, plaintiff answered that she was employed with defendant from 2013 through November 11, 2015; that she received approximately $3,380 in unemployment; and that as of March 3, 2017, she began working for ACMT Technologies "through JobPro making more than she did with the [d]efendant." (Dkt. #42, Exh. B at 5-6). Plaintiff's counsel has represented that plaintiff had already provided her tax returns for 2014 and 2015, and had no income in 2016, but agreed to produce her "most recent pay stub for 2017." (Dkt. #41, Brief at 4; Aff't, Exh. 3; <u>see also</u> Dkt. #42, Exh. E).

With respect to Int. No. 4, defendant argues that plaintiff fails to identify her gross income for 2013, 2014, 2015, 2016, and 2017; identify all sources of income from 2013 through the present; identify the amount of income received from each source; and identify the business address and telephone number of each source of income. (Dkt. #41, Brief at 9). Defendant asserts that plaintiff also fails to provide any information about compensation received after her separation with defendant in November 2015 through March 3, 2017, when she began working for ACMT Technologies, as well as information about income for work at ACMT Technologies between March 3, 2017 and August 14, 2017. (<u>Id.</u> at 9-10). With respect to Int. No. 5, defendant argues that plaintiff fails to provide any responsive information about any employer for whom she worked, and the work that she performed,

_____

[6]This same conclusion is reached with respect to any and all discovery requests for the time period prior to plaintiff's employment with defendant, and shall not be discussed further.

from 2012 through 2014, and 2015 through March 2017; and fails to provide any responsive information about her separation from any identified employer for whom she worked. (Id. at 10).

Plaintiff argues that she "disclosed her income following her termination, to the best of her recollection[]"; she disclosed that she received approximately $3,380 in unemployment benefits; she stated that she began working for ACMT Technologies, where she made more money, as of March 2017; and she provided her 2014 and 2015 tax returns reflecting all income from those years. (Dkt. #44, at 1-2). Plaintiff acknowledges that at her deposition, she revealed she had been employed by Advantage Maintenance in 2016, about which plaintiff previously forgot, but argued that her failure to provide information related to this employment did not prejudice defendant because "[d]efendant was in possession of [p]laintiff's personnel file, application and payroll records for [p]laintiff's brief employment with Advantage Maintenance." (Id. at 2).

"An answer to an interrogatory must be completed within itself and, it should be in a form that may be used at trial." Trueman v. New York State Canal Corp., No. 1:09-CV-049(LEK/RFT), 2010 WL 681341, at *2 (N.D.N.Y. Feb. 24, 2010)(citation omitted). Accordingly, defendant should not be required to attempt to answer its own interrogatories based on the documents plaintiff has produced, especially in light of the fact that defendant has already found one employer plaintiff "forgot" to previously include. Plaintiff shall supplement her responses to Int. Nos. 4 & 5 **on or before March 9, 2018**.

## 2. INTERROGATORY NO. 32

Defendant's Int. No. 32 asks plaintiff to "[i]dentify and describe with specificity the type(s) and amount(s) of all damages and/or compensation [she] claim[s] [d]efendant owes

[her], including the factual basis therefor and how each category of damages and/or compensation was calculated." (Dkt. #41, Brief at 6; Dkt. #42, Exh. A at 18). Plaintiff's response was "See Damage Analysis previously provided[.]" (Dkt. #41, Brief at 6; Dkt. #42, Exh. B at 22). Defendant argues that plaintiff's reliance on a damages analysis "previously provided" is improper and should be supplemented with a full and fair response. (Dkt. #41, Brief at 11, citing Trueman, 2010 WL 681341, at *3). Plaintiff argues that the damages analysis she has provided outlines her damages and includes how each was calculated, and that she subsequently provided an updated damages calculation including her income from an employer she "previously did not recall." (Dkt. #44, at 2). Because answers to interrogatories referring to other documents are disfavored, Trueman, 2010 WL 681341, at *3, plaintiff is ordered to supplement her response to Int. No. 32 **on or before March 9, 2018**. To the extent that plaintiff's updated damages analysis is fully responsive to Int. No. 32, answering it will impose no additional burden on plaintiff.

<u>3. REQUESTS NOS. 3 AND 4</u>

Defendant's Req. No. 3 asks plaintiff to "[p]roduce any and all documents, including, but not limited to, all federal and state income tax returns, including all statements, schedules, attachments and amendments thereto, filed and/or prepared by [her] or on [her] behalf since calendar year 2012, and for each year thereafter up to the time of trial." (Dkt. #41, Brief at 6; Dkt. #42, Exh. A at 19). Defendant's Req. No. 4 asks plaintiff to "[p]roduce any and all other documents that reflect any income, wages or other compensation earned or received by [her], from any source, since January 1, 2012, up to the time of trial." (Dkt. #41, Brief at 6-7; Dkt. #42, Exh. A at 19). In addition to her objections, plaintiff initially referred to her "provided tax documents" for 2014 and 2015. (Dkt. #41, Brief at 6; Dkt. #42,

7

Exh. B at 7-8). Plaintiff's counsel has represented that plaintiff had no income in 2016 and so there was no 2016 tax return, and similarly offered to provide her most recent pay stub to reflect her income in 2017. (Aff't, Exh. 3).

Defendant argues that plaintiff has failed to produce any documentation reflecting income, wages, or other compensation earned from her work at ACMT Technologies between March 3, 2017 and August 14, 2017. (Dkt. #41, Brief at 11-12). Plaintiff, however, contends that "[a]s of March 2017[,] [p]laintiff's back pay is cut off." (Dkt. #44). **On or before March 9, 2018**, plaintiff shall supplement her responses to include this representation, and shall provide additional responsive documents, if they exist, up to March 2017.

### 4. REQUEST NO. 7

Defendant's Req. No. 7 asks plaintiff to "[p]roduce any and all documents relating to any claim by [her] for social security, disability and/or welfare benefits at any time." (Dkt. #41, Brief at 7; Dkt. #42, Exh. A at 20). Plaintiff responded that she "has not made any application for Social Security Disability." (Dkt. #41, Brief at 7; Dkt. #42, Exh. B at 24). Defendant argues that this response does not fully address Req. No. 7. (Dkt. #41, Brief at 12). Plaintiff has since supplemented her response to Req. No. 7 "to include whether or not she has received welfare benefits." (Dkt. #44, at 3). However, as defendant observes, plaintiff has still not fully addressed the request for any and all documents related to a claim for social security benefits, disability benefits, and/or welfare benefits. (Dkt. #41 at 12). Plaintiff is ordered to fully and fairly respond to Req. No. 7 **on or before March 9, 2018**.

### 5. REQUEST NO. 22

Defendant's Req. No. 22 asks plaintiff to "[p]roduce any and all documents concerning wages, salary, earnings, compensation, employee benefits or any other financial

benefits received by [her] from any source other than [d]efendant since January 1, 2012."
(Dkt. #41, Brief at 7; Dkt. #42, Exh. A at 23). Plaintiff objected to the extent that this
request sought "documents for a period of time that [is] irrelevant to the claims of this action
and is overly burdensome." (Dkt. #41, Brief at 7; Dkt. #42, Exh. B at 28-29). Subject to this
objection, plaintiff referred to "provided tax documents." (Dkt. #42, Exh. B at 29).
Defendant argues that "documentation that reflects <u>employee benefits or any other financial
benefits</u> received by [p]laintiff from any source other than defendant since 2012[]" is relevant
to plaintiff's claim for monetary damages. (Dkt. #41, Brief at 12-13)(emphasis in original).
Defendant argues that plaintiff has not responded to the request with respect to any "wages,
salary, earnings, compensation, employee benefits or any other financial benefits" from a
source <u>other than defendant</u>, but <u>during the same time period</u> that she was employed part-
time with defendant. (Dkt. #50, at 2).  To the extent that plaintiff has produced her tax
documents for the years requested, plaintiff has adequately responded to defendant's
requests.

## 6. INTERROGATORY NO. 6 AND REQUEST NO. 16

Defendant's Int. No. 6 asks plaintiff to "[i]dentify and describe fully every effort
undertaken by [her] to find employment or work from any other person or entity other than
[d]efendant, including self-employment, since November 1, 2015, including, but not limited
to," the name and contact information for any person, entity, or place to whom she applied
for employment and the date of the application; the response, if any, to each application,
and the date of the response; and the name and address of each person, entity, or place
that offered her employment. (Dkt. #41, Brief at 13; Dkt. #42, Exh. A at 4-5). Plaintiff's
initial response stated simply: "See documents previously provided, [p]laintiff obtained

subsequent employment in March 2017." (Dkt. #41, Brief at 13; Dkt. #42, Exh. B at 6). Defendant's Req. No. 16 asks plaintiff to "[p]roduce each document that evidences or reflects any effort made by [her] to find or to secure employment since November 1, 2015, to the present and for any period hereafter up to and through the time of trial, and each document received by [her] from anyone in response to such effort to find or to secure employment." (Dkt. #41, Brief at 14; Dkt. #42, Exh. A at 22). Plaintiff's initial response similarly stated: "See documents previously provided with [p]laintiff's initial disclosures. Plaintiff obtained subsequent employment." (Dkt. #41, Brief at 14; Dkt. #42, Exh. B at 27).

Defendant argues that because it bears "the evidentiary burden of demonstrating at trial that a plaintiff has failed to satisfy" her duty to mitigate damages, plaintiff's failure to provide information about her efforts to seek subsequent employment are inadequate, and wholly lacking responsive information from December 20, 2016 through March 2017. (Dkt. #41, Brief at 14-15)(citations omitted). Plaintiff argues that she has provided all documents and information in her possession to the best of her recollection, including a "list of jobs that she applied to[.]" (Dkt. #44, at 4). However, a "list of jobs that she applied to[]" is an inadequate response to Int. No. 6 and Req. No. 16. As defendant points out in its reply brief, this fails to include, <u>inter alia</u>, any dates of when she applied to these jobs, which is relevant to whether plaintiff pursued new employment with reasonable diligence. (Dkt. #50, at 3). Accordingly, **on or before March 9, 2018**, plaintiff is ordered to fully and fairly respond to Int. No. 6 and Req. No. 16, including each subpart; should plaintiff be unable to recall the answer to any part of these requests, she should so state in her answer.

B. DISCOVERY RELATED TO FACTS, CLAIMS, AND WITNESSES

Defendant moves the Court to order plaintiff to respond fully and fairly to discovery

requests relating to "facts, claims, and/or witnesses in the present case[,]" specifically: Int. Nos. 8, 13, 14, 17, 18, 21, 27, and 30, and Req. Nos. 6, 26, and 28. (Dkt. #41, at 1, ¶ 2).[7]

### 1. INTERROGATORY NO. 8

Defendant's Int. No. 8 requests plaintiff to

> [i]dentify and describe in detail the job duties [she] performed during [her] employment with [d]efendant, including, but not limited to: (i) the number of hours per week spent performing each job duty; (ii) the percentage of [her] time per week spent performing each job duty; (iii) and the amount of discretion, if any, that [she] had in performing each duty.

(Dkt. #41, Brief at 16; Dkt. #42, Exh. A at 5). Plaintiff objected that the interrogatory seeks "information that is already in the [d]efendant's possession or more easily accessible to the [d]efendant." (Dkt. #41, Brief at 16; Dkt. #42, Exh. B at 7). Plaintiff further responded that when she first started working for defendant, she "was cleaning a private school, she was then moved to cleaning private offices. Plaintiff's duties included cleaning everything bathrooms, windows, vacuum, dusting, etc." (Id.). While presumably defendant does have some information about plaintiff's job duties while under its employ, this knowledge does not excuse plaintiff from answering Int. No. 4. "[O]ne of the purposes of discovery . . . is to ascertain the position of the adverse party on the controverted issues." S.E.C. v. Cymaticolor Corp., 106 F.R.D. 545, 549 (S.D.N.Y. 1985). Accordingly, "it is irrelevant that the party seeking discovery already knows the facts as to which he seeks discovery." Id. To the extent that plaintiff's detailed description of her job duties could narrow and define the issues, plaintiff shall supplement her responses to Int. No. 8 **on or before March 9, 2018.**

---

[7]Defendant's brief challenges plaintiff's response to Int. No. 31 (Dkt. #41, Brief at 15, 23, 27), and plaintiff responded in her brief in opposition that she has amended her response to provide "correct information." (Dkt. #44, at 6). Defendant does not address Int. No. 31 in its reply brief, nor was it listed in defendant's Motion to Compel (Dkt. #41), but it appears that any issue regarding it is now moot.

## 2. INTERROGATORY NO. 13

Defendant's Int. No. 13 requests plaintiff to "[i]dentify and describe with specificity the 'complaints' made by [her] about: (i) [her] 'foot problems,' as alleged in Paragraph 11 of the Complaint; and (ii) [her] 'foot,' as alleged in Paragraph 17 of the Complaint." (Dkt. #41, Brief at 16; Dkt. #42, Exh. A at 8-9). For each medical complaint, Int. No. 13 asks plaintiff to state the date and time, substance and method of each complaint, the contact information of any witnesses to her complaints, and the substance of each response to her complaints. (Id.). In her Response, plaintiff stated:

> Plaintiff made repeated complaints to her supervisor that her foot was swollen, she also complained that there was supposed to be [two] employees per floor but because she was placed on a floor all alone it was causing her increased pain and swelling in her foot which caused her to need to take frequent breaks.
>
> There was no response other than if she didn't like the way it was she could find another job.

(Dkt. #41, Brief at 16-17; Dkt. #42, Exh. B at 11). Plaintiff does not provide the requested information about what she describes as "repeated" complaints to her supervisor, including the date and time of these complaints, the method by which she made these complaints, and the witnesses, if any. Although plaintiff objects that she "cannot recall the exact date and time of each complaint[,]" (Dkt. #44, at 5), unverified statements made in an opposition to a motion to compel by plaintiff's counsel are not proper responses to interrogatories. **On or before March 9, 2018**, plaintiff shall supplement her response to specifically state what, if anything, she can recall; her answers should include dates, times, and witnesses, as well as the method by which she conveyed her complaints, and an elaboration, if applicable, of the substance of each complaint.

### 3. INTERROGATORY NO. 14

Defendant's Int. No. 14 addresses plaintiff's claim in Paragraph 17 of the Complaint that "Hyman constantly harassed [her] about her not being able to work fast enough after her work injury," and asks her to identify and describe with specificity: each date and time she claims Hyman harassed her; the method by which Hyman harassed her; the substance of each communication made by Hyman in which plaintiff claims he harassed her; plaintiff's response, if any, to each communication made by Hyman in which she claims he harassed her; the contact information of any person who witnessed a communication in which Hyman harassed her; and whether plaintiff notified or otherwise communicated to any employee, agent, or representative of defendant that Hyman harassed her, and if there were any such instances, address six sub-questions about each communication. (Dkt. #41, Brief at 17; Dkt. #42, Exh. A at 9-10). In her initial response, plaintiff stated:

> See facts in Complaint. The supervisor harassed [p]laintiff in person about not working fast enough ever since [p]laintiff injured her foot until the end of her employment. The supervisor would tell [p]laintiff that the doctors and nurses who worked at the offices [p]laintiff cleaned were complaining that she wasn't fast enough. Plaintiff asked one of the nurses herself who told [p]laintiff that they did not complain.

(Dkt. #41, Brief at 18; Dkt. #42, Exh. B at 11-12).   Claims by plaintiff's counsel in opposition to the pending motion that, "[p]laintiff cannot recall the exact date and time of each communication[,]" (Dkt. #44, at 5) are not proper interrogatory responses. Plaintiff's response ignores defendant's request for the date and time of any harassment, the name and contact information of any witnesses to these communications, and, importantly, whether she notified or communicated anything about this harassment to defendant's agents or representative, as asked in Int. No. 14(g)(i)-(vi). Plaintiff shall supplement her response, and if she does not recall responsive information or there is nothing more to add to her

response, she shall so state **on or before March 9, 2018**.

<u>4. INTERROGATORIES NOS. 17 AND 21</u>

Defendant's Int. No. 17 asks, with respect to plaintiff's allegation related to seeking a leave of absence to care for her father, that plaintiff identify and describe each date on which she requested this leave, whether the request was oral or written, the substance of each such request, the contact information of any representative of defendant to whom she made the request, the substance of each response, the contact information of any witnesses to any requests, all documents concerning each request, and all documents used, considered, or relied upon by her in responding to this interrogatory. (Dkt. #41, Brief at 18; Dkt. #42, Exh. A at 11-12). Plaintiff responded that, "[i]n a letter dated October 30, 2015 [p]laintiff requested [two] weeks off starting November 12, 2015 until November 23, 2015 in order to deal with a family emergency in Puerto Rico. Plaintiff gave the request to Santino (last name unknown)." (Dkt. #41, Brief at 18; Dkt. #42, Exh. B at 14-15).

Defendant's Int. No. 21 asks, with respect to the allegation in the complaint that "Santino told the plaintiff that she would be okay for her leave," to identify and describe each date "Santino told the plaintiff that she would be okay for her leave"; the methods by which Santino communicated this to plaintiff; the substance of each such communication made by Santino, including the exact words; the contact information of any witnesses to such communication by Santino to plaintiff; all documents concerning any such communication; and all documents used, considered or relied upon by plaintiff in responding to this interrogatory. (Dkt. #41, Brief at 19; Dkt. #42, Exh. A at 12-13). Plaintiff responded that "Santino told [p]laintiff it would be okay to take the time off at some point after [p]laintiff provided her letter dated October 30, 2015, this was told to [p]laintiff in person." (Dkt. #41, Brief at 19; Dkt. #42, Exh. B at 16).

Plaintiff has adequately responded to Int. Nos. 17 and 21, but plaintiff also objects on the grounds that "[she] gave further information during her sworn testimony at her deposition." (Dkt. #44, at 5). "An answer to an interrogatory must be completed within itself and, it should be in a form that may be used at trial. . . . Reference to depositions, other answers to the interrogatories, other document production, the complaint itself, or any other documents are improper and unresponsive." Trueman, 2010 WL 681341, at *2-3 (citations omitted). To the extent that plaintiff provided any additional responsive information in her deposition, **on or before March 9, 2018**, plaintiff shall supplement her answers to Int. Nos. 17 and 21 such that it fully responds to these interrogatories and includes any additional or corrective responsive information, about which she testified at her deposition.

### 5. INTERROGATORY NO. 18

Defendant's Int. No. 18 asks plaintiff to:

[i]dentify and describe the complete factual basis for the allegation contained in Paragraph 30 of the Second Count and Third Count of the Complaint, that [p]laintiff was (i) "an eligible employee under FMLA"; and (ii) "entitled to job-protected leave under the FMLA." In responding . . ., state whether [she] contend[s] that [her] need for "job-protected leave under FMLA" was foreseeable.

(Dkt. #41, Brief at 19; Dkt. #42, Exh. A at 12). Plaintiff responded that she had been employed by defendant for more than twelve months; she "believes she worked at least 1250 hours in the prior [twelve] months[;]" and the defendant "has [fifty] or more employees within a [seventy-five] mile radius." (Dkt. #41, Brief at 19; Dkt. #42, Exh. B at 15). Plaintiff further responded that she "informed . . . her supervisor she needed [two] weeks off because her father had cancer, [d]efendant, was on notice of [p]laintiff's need for FMLA." (Id.). Defendant argues that plaintiff has not fully responded to the extent that she does not state whether her need for job-protected leave under FMLA was foreseeable. (Dkt.

#41, Brief at 25). However, as plaintiff states in her response, defendant "was on notice of [plaintiff's] need for FMLA[,]" (Dkt. #42, Exh. B at 15), so that plaintiff argues that defendant knew the FLMA leave was foreseeable. (Dkt. #44, at 5). Thus, plaintiff has adequately responded to this discovery request.

<u>6. INTERROGATORY NO. 27</u>

Defendant's Int. No. 27 asks plaintiff to identify and describe the complete factual basis for the allegation in paragraph 31(c) of the Fifth Count and the Sixth Count of the Complaint, that defendant "discriminated against [p]laintiff for requiring a reasonable accommodation[,]" and to specifically state each "reasonable accommodation" she required, whether such a "reasonable accommodation" existed at the time of plaintiff's alleged "real or perceived" disability; each essential function of plaintiff's job that such a "reasonable accommodation" would have allowed her to perform; and whether she communicated to defendant that she needed or otherwise required any such "reasonable accommodation" and, if so, answer six sub-questions about any such communication. (Dkt. #41, Brief at 20; Dkt. #42, Exh. A at 14-15). Plaintiff responded that she "needed to sit frequently during [her] shift, her supervisor was aware of this. Defendant terminated [p]laintiff." (Dkt. #41, Brief at 20; Dkt. #42, Exh. B at 18). Plaintiff has failed to respond to a majority of Int. No. 27. For example, plaintiff does not describe "[e]ach essential function of [her] job that such a 'reasonable accommodation' would have allowed [her] to perform[,]" and, given she claims her supervisor was aware that she needed such a "reasonable accommodation," plaintiff is required to answer Int. No. 27(d)(i)-(d)(v), which relate to communications plaintiff had with defendant about this "reasonable accommodation." Plaintiff shall supplement her response to Int. No. 27 **on or before March 9, 2018**.

## 7. INTERROGATORY NO. 30

Defendant's Int. No. 30 asks plaintiff to identify and describe the reasons for her absence on thirty-nine specific days from her scheduled shift with defendant. (Dkt. #41, Brief at 21-22; Dkt. #42, Exh. A at 16-17). Plaintiff's response states that "it may be impossible for [her] to recall each and every instance of when she was absent and why," but she "has a present recollection" of "particulars" for eleven of those days; for eleven dates, plaintiff specified that she attended a doctor's appointment related to her workers' compensation injury, "had a doctor's note[,]" or received a steroid injection. (Dkt. #41, Brief at 22-23; Dkt. # 42, Exh. B, at 19-21). Defendant's brief specifies seven particular dates for which defendant seeks explanations of plaintiff's absences. (Dkt. #41, Brief at 26-27). It is sufficient to state, under oath, lack of knowledge as an answer, under oath, when a party does not have the knowledge or information necessary to answer an interrogatory. Nicholson v. United Techs. Corp., 697 F. Supp. 598, 608 (D. Conn. 1988). Accordingly, plaintiff's had adequately responded to Int. No. 30.

## 8. REQUEST NO. 6[8]

Defendant's Req. No. 6 asks plaintiff to "[p]roduce any and all documents relating to any claim by [her] for workers' compensation benefits since January 1, 2012." (Dkt. #42, Exh. A at 20). Plaintiff's Response objected to the extent that Req. No. 6 sought documents from an irrelevant time period and is overly burdensome, and otherwise responded that "[a]ll unemployment documents in [p]laintiff's possession were provided in response to [p]laintiff's Initial Disclosures[,]" (Dkt. #42, Exh. B at 24), and plaintiff produced the Notice of Claim filed with the State of Connecticut's Workers' Compensation Commission, and "provided a copy

---

[8]This request is not addressed in the body of defendant's brief, but is included in both lists of discovery requests at issue.

of the full and final stipulation of her workers' compensation claim which is the only benefits [p]laintiff received." (Dkt. #44, at 7). Plaintiff has adequately responded to Req. No. 6.

### 9. REQUEST NO. 26

Defendant's Req. No. 26 asks plaintiff to produce "any and all telephone records" from August 1, 2014 through December 1, 2015, "for each telephone number used by [her] to communicate with any employee, representative or agent of [d]efendant concerning and/or relating to [her] employment with [d]efendant, or for which [she was] an account holder and/or subscriber, including, but not limited to" three particular phone numbers. (Dkt. #41, Brief at 23; Dkt. #42, Exh. A at 24-25). Plaintiff's Response, provided under oath, stated that she "contacted her phone company and was told records this far back would not be available." (Dkt. #41, Brief at 23; Dkt. #42, Exh. B at 29-30). Plaintiff has provided a sufficient answer.

### 10. REQUEST NO. 28

Defendant's Req. No. 28 asks plaintiff to produce "any and all documents concerning and/or relating to [her] 'trip to take care of [her] father,' as alleged in Paragraph 25 of the Complaint." (Dkt. #41, Brief at 23; Dkt. #42, Exh. A at 25). Plaintiff responded simply: "See flight information previously provided with [p]laintiff's initial disclosures." (Dkt. #41, Brief at 23; Dkt. #42, Exh. B at 30). Defendant argues that the information plaintiff provided demonstrates that she booked travel to San Juan, Puerto Rico from November 13, 2015 through November 23, 2015, but fails to demonstrate that she actually traveled on those dates and was in Puerto Rico during that time period. (Dkt. #41, Brief at 27). Defendant argues that plaintiff must "supplement her production . . . to include documents that demonstrate that she did, in fact, travel in conformity with the Expedia itinerary produced by her." (Id. at 27-28). **On or before March 9, 2018**, plaintiff shall supplement her

response to Req. No. 28 to the extent that she has additional documents confirming her travel to and from Puerto Rico.

### C. DISCOVERY TO WHICH PLAINTIFF'S RESPONSE IS INCOMPLETE AND RELIES ON OR REFERS TO THE COMPLAINT

Defendant moves the Court to order plaintiff to respond fully and fairly to Int. Nos. 14,[9] 16, 22, 23, 28, and 29, because "[p]laintiff's response is incomplete and relies on or otherwise refers to, in whole or in part, the 'Complaint.'" (Dkt. #41, Brief at 29-32). Answers to interrogatories that reference depositions, other answers to interrogatories, other document production, the complaint itself, or any other documents are improper and thus unresponsive. Trueman, 2010 WL 681341, at *3, citing Poulio v. Paul Arpin Van Lines, Inc., No. 3:02 CV 1302 (DJS), 2004 WL 1368869, at *2 (D. Conn. June 14, 2004)(noting that other courts have held that a party may not incorporate deposition testimony or rely upon future depositions in lieu of complete responses to interrogatories)(additional citations omitted). "Because Rule 33(b)(1) requires a party to answer each interrogatory 'fully,' it is technically improper and unresponsive for an answer to an interrogatory to refer to outside material, such as pleadings, depositions, or other interrogatories." Equal Rights Ctr. v. Post Props., Inc., 246 F.R.D. 29, 35 (D.D.C. 2007), citing 7-33 MOORE'S FEDERAL PRACTICE-CIVIL § 33.103 (additional citations omitted); see also Williams v. Johanns, 235 F.R.D. 116, 123 (D.D.C. 2006)(answers to interrogatories seeking specific facts underlying a claim were inadequate where party referred to their original and amended complaint).

Plaintiff's response to Int. No. 16 is adequate, and plaintiff has supplemented her responses to Int. Nos. 28-29. (See Dkt. #50, Exh. N at 4). However, plaintiff shall provide supplemental responses to Int. Nos. 22 and 23 **on or before March 9, 2018**.

---

[9]Interrogatory No. 14 already has been addressed in Section II.B.3 supra.

## D. DISCOVERY TO WHICH PLAINTIFF HAS FAILED TO PRODUCE ALL RESPONSIVE DOCUMENTS IN HER POSSESSION, CUSTODY, OR CONTROL

Defendant moves the Court to order plaintiff to respond fully and fairly to Req. Nos. 1-2, 5-6,[10] 8-13, 18-19, 24, and 29, for which plaintiff has "failed to produce all responsive documents in her possession, custody, or control." (Dkt. #41, Brief at 32-36). For Nos. 1, 2, 5, 8, 13, 18-19, and 29, plaintiff responded that all responsive documents in her possession have already been provided, and for Nos. 10-12, and 24, she answered that no responsive documents are in her possession. (Dkt. #42, Exh. B at 23-30). Defendant rightfully notes that some of these answers are not fully responsive; plaintiff's obligation is to produce responsive items in her possession, custody or control. FED. R. CIV. P. 34(a)(1). "That a party does not possess documents is simply immaterial if those documents remain in that party's custody or control." Scott v. Arex, Inc., 124 F.R.D. 39, 41 (D. Conn. Jan. 23, 1989)(citations & internal quotations omitted)(Smith, M.J.). Further, the word "control" is to be broadly construed such that "[a] party controls documents that it has the right, authority, or ability to obtain upon demand." Id. (internal citations omitted).

Requests Nos. 10-12 concern all documents in plaintiff's possession regarding her job responsibilities, conduct at defendant that she characterizes as discrimination or retaliation, and all "complaints" by her regarding her foot. Accordingly, **on or before March 9, 2018**, plaintiff is directed to produce the documents in question, or to provide defendant's counsel with an affidavit detailing whether any such documents are in the possession of people or entries other than defendant, and if so, what attempts plaintiff has made to obtain these documents, when she made them, and to whom her demands were addressed. Plaintiff, however, need not produce any of her deceased father's medical records, as requested in

---

[10]Req. No. 6 already has been addressed in Section II.B.8 supra.

No. 24.

## E. DISCOVERY TO WHICH PLAINTIFF'S RESPONSE IS INCOMPLETE BECAUSE SHE FAILS TO STATE WHETHER THERE ARE ANY RESPONSIVE DOCUMENTS IN HER POSSESSION, CUSTODY, OR CONTROL

Defendant moves the Court to order plaintiff to respond fully and fairly to Req. Nos. 14, 17, 20-21, 23, 25, and 27, to each of which plaintiff only answered "N/A."  Defendant argues that plaintiff's response "is incomplete as she fails to state whether there are any responsive documents in her possession, custody, or control." (Dkt. #41, Brief at 38-40). Plaintiff objects that for each request that she answered "N/A," she so responded because "there are no responsive documents. . . ." (Dkt. #44, at 8).   Consistent with Section II.D <u>supra</u>, **on or before March 9, 2018**, plaintiff is directed to file supplemental responses to these discovery requests, in which she provides, under oath, that there are no responsive documents, instead of just writing "N/A," and plaintiff is to provide defendant's counsel with an affidavit detailing whether any such documents are in the possession of people or entities other than defendant, and if so, what attempts plaintiff has made to obtain these documents, when she made them, and to whom her demands were addressed.

## F. DEFENDANT'S REQUEST FOR ATTORNEY'S FEES

Defendant further moves the Court for reimbursement of its costs and reasonable attorney's fees incurred in making this motion, pursuant to FED. R. CIV. P. 37(a)(5) and Local Rule 37(d), and offered to provide "an affidavit setting forth the cost and attorney's fees incurred . . . in preparing this [m]otion upon request." (Dkt. #41, Brief at 40, n. 10).

When a motion to compel discovery is granted, the Court must, after providing an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. FED. R. CIV. P. 37(a)(5)(A). Because this Rule seeks to deter abusive conduct in the discovery

process, there is a presumption in favor of imposing expense-shifting sanctions against a party who unsuccessfully litigates a motion to compel. <u>Saliga v. Chemtura Corp.</u>, No. 3:12 CV 832 (VAB), 2016 WL 3093355, at *1 (D. Conn. June 1, 2016)(citations omitted)(Martinez, MJ). An award of expenses is mandatory unless "'(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.'" <u>Mirlis v. Greer</u>, No. 3:16 CV 678 (MPS), 2016 WL 7013452, at *1 (D. Conn. Nov. 30, 2016)(Martinez, MJ), <u>quoting</u> FED. R. CIV. P. 37(a)(5)(A). Rule 37(a)(5)(C) provides that if a motion for an order compelling discovery is granted in part and denied in part, the court may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion. Defendant previously attempted to resolve these discovery disputes without court intervention, and plaintiff has not set forth other circumstances, which would make an award of expenses unjust. Where defendant's motion was granted, plaintiff's nondisclosures were not substantially justified. As this ruling grants in part defendant's motion, defendant is entitled to attorney's fees associated with the parts of the motion that are granted. However, the Magistrate Judge holds in abeyance all further filings regarding the amount of fees until after Judge Arterton has ruled upon the pending Motion for Summary Judgment.[11]

### III. CONCLUSION

Accordingly, for the reasons stated above, defendant's Motion to Compel (Dkt. #41) is <u>granted in part and denied in part</u>, as follows:

---

[11]<u>See</u> note 1 <u>supra</u>.

Any renewed Motion for Attorney's Fees will be addressed either by Judge Arterton or the next U.S. Magistrate Judge to be assigned this file.

**on or before March 9, 2018**, plaintiff shall supplement her responses to:

(1) <u>Interrogatories Nos. 4-5 and Requests Nos. 3-4;</u> [12]

(2) <u>Interrogatory No. 32;</u>

(3) <u>Request No. 7;</u>

(4) <u>Interrogatory No. 6 and Request No. 16;</u>

(5) <u>Interrogatories Nos. 8, 13, 14, 17, 21, and 27 and Request No. 28;</u>

(6) <u>Interrogatories Nos. 22[13]-23;</u>

(7) <u>Request Nos. 10-12, with respect to all responsive documents she has in her possession, custody or control, or to provide defendant's counsel with an affidavit detailing what whether any persons or entities other than defendant has them in their possession, and if so, attempts plaintiff made to obtain those documents, when she made them, and to whom her demands were addressed, in accordance with FED. R. CIV. P. 34(a)(1);</u>

(8) <u>Request Nos. 14, 17, 20-21, 23, 25 and 27, by filing a supplemental response that specifically indicates there are no responsive documents, instead of simply answering "N/A," and plaintiff shall provide defendant's counsel with an affidavit detailing whether any such documents are in the possession of people or entries other than defendant, and if so, what attempts plaintiff has made to obtain these documents, when she made them, and to whom her demands were addressed.</u>

Defendant's Motion is <u>denied</u> with respect to:

(1) <u>Request Nos. 1, 2, 5, 6, 8, 13, 18-19, 22, 24, 26 and 29;</u> and,

(2) <u>Interrogatory Nos. 16, 18, 28, 29 and 30.</u>

---

[12]<u>See</u> note 6 <u>supra</u>, which applies to all requests for a time period prior to plaintiff's employment with defendant.

[13]<u>See</u> note 6 <u>supra.</u>

Defendant's request for attorney's fees and costs for having brought this motion is granted in part with respect to the discovery requests upon which it prevailed in this motion, consistent with Rule 37(a)(5)(C), with all further filings held in abeyance until after Judge Arterton rules on the pending Motion for Summary Judgment.[14]

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Impala v. United States Dept. of Justice, 670 F. App'x 32 (2d Cir. 2016)(failure to file timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit); cf. Small v. Sec'y, H&HS, 892 F.2d 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 26th day of February, 2018.


                                        /s/ Joan G. Margolis, USMJ_____
                                        Joan Glazer Margolis
                                        United States Magistrate Judge

---

[14]See note 11 supra.